Ruffin, C. J.
 

 The only question is, as to the effect of the plaintiff’s sale, and upon that the Court concurs with his Honor, that it did not divest the title of Morrow. It is so, beyond doubt, as'to the slaves, which were not in the sheriff’s county ; for the execution did not create a lien-on them, nor affect the debtor’s right to dispose of them.—
 
 Hardy
 
 v.
 
 Jasper,
 
 3 Dev. 158. The cases cited in the argument of
 
 Knight
 
 v.
 
 Leake, 2
 
 Dev. & Bat. 133, and
 
 Mc
 
 
 *49
 

 Dowell
 
 v.
 
 Pearce, 2
 
 Hawks 110, shew, that it is the same, with respect to those, which were in the County., For although such a vested interest, as Morrow had in these slaves, is liable to be sold under execution, yet the other cases establish, also, that this forms no exception to the general rule, that personal property, sold under execution, must be present, in order to render the sale valid.
 

 That is all which it is necessary for the Court to say, for the purposes of this cuase. But it seems to be proper, in order to avoid embarrassment to officers and to prevent doubts, as to the proper course lo be p ursued in such cases, that it should be added, that the Court is of opinion, that, from the necessity of the case, the tenant of .the particular estate must submit to the inconvenience of producing the slaves at the day and place of sale, or, if that could not be satisfactorily arranged between the tenant and the sheriff, to the further inconvenience of a seizure by the sheriff for the purposes of securing the property and making the sale. That results from the two propositions, that the remainder or reversion is subject to execution, and that the thing itself, in which such an interest is vested in the debtor, must be present when it is sold. That course, it is believed, has been generally, if not universally, observed. It stands on the same principle, on which the sheriffs seize the share of a tenant in common on a
 
 fieri facias
 
 against him alone. There is, therefore, no error in the decree, and it must be so certified ; and Blanton must pay the costs in this Court.
 

 Fee. Curiam, Ordered and decreed accordingly.